IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 10-CR-301 |
| Plaintiff, | : | |
| | : | JUDGE CAPUTO |
| v. | : | |
| | : | FILED ELECTRONICALLY |
| BENNY SALERNO, | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND INSPECTION OF PHYSICAL EVIDENCE AND BRADY MATERIAL

Pursuant to Local Rule 7.5, defendant, Benny Salerno ("Mr. Salerno"), by and through his attorneys, hereby submits this Memorandum of Law in Support of his Motion for Discovery, and Inspection of Physical Evidence, Brady Material and Evidentiary Hearing. For the reasons stated herein, Mr Salerno respectfully requests that this Court, pursuant to Rule 16, of the Federal Rules of Criminal Procedure and the United States Constitution, require the prosecution to allow Mr. Salerno and his attorneys to inspect, photograph and copy those items within the possession, constructive possession, custody or control of the government. Mr. Salerno respectfully submits that each of the items requested in the motion are discoverable pursuant to Rule 16 of the Federal Rules

of Criminal Procedure.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 19, 2010, the Government obtained a three count indictment against Mr. Salerno, charging him with violations of 18 U.S.C. §§ 1035 and 12 (Count 1), 18 U.S.C. §§ 1347 (Count 2), 21 U.S.C. §§ 331(k), 352(a), and 333(a)(2) (Count 3).[1]

On November 12, 2010, counsel for Mr. Salerno sent a letter to the prosecution requesting discovery on behalf of Mr. Salerno. To date, the prosecution has provided some initial discovery materials to Mr. Salerno.

## II. STATEMENT OF QUESTIONS INVOLVED

Whether this Court should grant Mr. Salerno's motion and order to the government to disclose the materials requested therein within 30 days?

## III. ARGUMENT

Rule 16 of the Federal Rules of Criminal Procedure authorizes the

---

[1] The Indictment also contains a forfeiture allegation.

pre-trial discovery sought by Mr. Salerno in his motion. Courts have the power to order discovery and inspection when necessary and proper to permit the defendant the opportunity to adequately prepare a defense. United States v. Higgs, 713 F.2d 39 (3d Cir. 1983). The Third Circuit has stressed the importance of early production of evidence. See United States v. Kaplan, 554 F.2d 577 (3d Cir. 1977). In addition to the authority contained in this memorandum of law, Mr. Salerno relies upon the rules and cases cited after each request in the motion.

To comply with the requests contained in the motion, Mr. Salerno requests that the prosecution make an affirmative search of all its records and information and those of all related government agencies and repositories of possible evidence responsive to these requests. See Strickler v. Greene, 527 U.S. 263 (1999); Kyles v. Whitley, 514 U.S. 419 (1995). Pursuant to Strickler and Kyles, a certification from the prosecution is requested that an inquiry was made of all law enforcement authorities involved in this prosecution for the evidence requested herein; the prosecutor's certification is requested that a good faith effort was made in seeking the discovery requested, and to the extent that such discovery was found it was provided, and to the extent that the prosecutor believed such discovery should not be provided, it was refused. In addition, Mr. Salerno

requests a certification from the prosecution that the requirements outlined in Deputy Attorney General David W. Ogden's memorandum of January 4, 2010 to federal prosecutors entitled <u>Guidance of Prosecutors Regarding Criminal Discovery</u> has been followed in this case and that all information uncovered during this process has been disclosed to Mr. Salerno.

## Brady Material

Rule 16 of the Federal Rules of Criminal Procedure provides the authority for discovery and inspection sought in Mr. Salerno's motion. The federal judiciary has the power to order discovery and inspection when necessary and proper to permit the defendant the opportunity to adequately prepare a defense. <u>United States v. Riggs</u>, 713 F.2d 39 (3d Cir. 1983). In addition to the discovery provisions of Rule 16, the federal courts have long recognized a due process requirement as set forth in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>Brady v. Maryland</u> holds that the government violates due process when it fails to disclose evidence favorable to the accused criminal case, if the evidence is material to guilt or sentencing. The <u>Brady</u> rule extends to evidence which could be used to impeach the credibility of a government witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Ethics Rule 4.8. Information that is favorable to the

accused and material in determining guilt or innocence must be disclosed to the defense even in the absence of a specific request. United States v. Agurs, 427 U.S. 97 (1976). If the exculpatory evidence "creates a reasonable doubt" as to the defendant's guilt, it is material. The Brady Rule has been analyzed over the years and subsequent case law indicates its strength as a due process mandate remains strong. Here, Mr. Salerno requests all Brady information. Nondisclosure of this information exposes Mr. Salerno to the risk of unfair surprise and prejudice at trial, hampers his ability to prepare his defense, and deprives him of due process. Further, this material is particularly important because a licensed pharmacist managed the operations of the pharmacy and, as the Indictment concedes, a licensed pharmacist reviewed and approved all of the acts of which the government complains. (See Ind. ¶ 13.)

### Agency and Adoptive Statements

The most fundamental type of discovery sought in most criminal cases is the statements of the defendant, which are properly discoverable under Rule 16(a)(1). This information is absolutely essential to defense counsel in order to adequately represent the client. The courts have continually recognized the importance of this rule. "Thus the Rule gives the 'defendant virtually an absolute

5

right' to his own statements in the absence of highly unusual circumstances of a sort that would otherwise justify a protective order." United States v. Stevens, 985 F.2d 1175 (2d Cir. 1993), quoting 2 C. Wright, Federal Practice and Procedure § 253 at 46 (1982). The disclosure of the defendant's statements is absolutely essential to defense strategy and preparedness is almost every case including the case at bar. Defense counsel cannot defend against what he is not aware was stated.

Likewise, Mr. Salerno is entitled to any oral, written or recorded statement made by any individual legally bound to him. Under Rule 16(a)(1)(A), the prosecution "is directed to disclose statements of individuals the government asserts are agents who legally bound [the defendant], and identify the agents [who bound the defendant]." United States v. Bainbridge Management, Inc., No. 01-CR-469-1, 2002 U.S. DIST. LEXIS 6309, *14 (N.D. Ill. April 11, 2002). That Court further stated "Fed. R. Crim. P. 16(a)(1)(A) requires the government produce 'any relevant written or recorded statements' of agents of a defendant." Id. at *14-15. Although Bainbridge Management, Inc. was an organizational defendant, it follows that an individual defendant should be provided the same safeguards under the law as an organizational defendant. Thus, the prosecution, in

the present case, should be required to produce all agency and adoptive statements or declarations made by Mr. Salerno and his agents.

## Grand Jury Transcripts

Notwithstanding "a long-established policy that maintains the secrecy of the grand jury proceedings in federal courts," the trial court has power to "direct disclosure of grand jury testimony preliminarily to or in connection with a judicial proceeding." United States v. Proctor & Gamble Co., 356 U.S. 677 (1958). Accordingly, upon a showing of "particularized need" the court may grant disclosure of matters involving grand jury proceedings. Dennis v. United States, 384 U.S. 855 (1966). In Cargill v. United States, the court states:

> The Court (in Dennis) retains the requirement that 'particularized need' be shown in the order that the secrecy may be lifted, but holds in effort that such need is shown when the defense states that it wishes to use the transcript for the purpose of impeaching a witness, to refresh his recollection, or to test his credibility. Thus, the Court as far as cross-examination is concerned has removed most, if not all, of the substance from the particularized need requirement, although it has retained the term.

Cargill v. United States, 381 F.2d 849, 851 (10th Cir. 1967).

Here, Mr. Salerno has a particularized need for the Grand Jury transcript because the Government has elected to charge him with a duplicitous Indictment that alleges that Mr. Salerno committed an unspecified number of unlawful acts sometime over a five year time span from January 1, 2001 through March 1, 2006. Many of the alleged events will have occurred outside of the statute of limitations. Moreover, Mr. Salerno must be informed of the factual basis of the counts to protect his Fifth Amendment double jeopardy protections.

## IV. CONCLUSION

For the reasons set forth herein, Defendant, Mr. Salerno, respectfully requests that the Court grant his motion for discovery.

Respectfully submitted,

/s/ Jason Asbell
Patrick A. Casey
Jason Asbell

MYERS, BRIER & KELLY, LLP
Suite 200, 425 Spruce Street
Scranton, PA  18503
Phone: (570) 342-6100
Fax:   (570) 342-6147

Lawrence J. Moran, Esquire
LENAHAN & DEMPSEY
Suite 400
116 North Washington Avenue
Scranton, PA 18503

Attorneys for Defendant,
Benny Salerno

Date: April 14, 2011

# CERTIFICATE OF SERVICE

I, Jason Asbell, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Discovery and Inspection of Physical Evidence and Brady Material was served upon the following counsel of record via the electronic case filing system, on this 14th day of April, 2011:

>Amy C. Phillips, Esquire
>United States Attorney's Office
>235 N. Washington Avenue
>Scranton, PA 18501-0309
>
>Heather M. Albright
>PA Office of Attorney General
>106 Lowther Street
>Lemoyne, PA 17043

>/s/ Jason Asbell
>Jason Asbell