UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.  3:10-CR-301 |
| | ) | |
| v. | ) | (Judge Caputo) |
| BENNY SALERNO | ) | |
| | ) | (Electronically Filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.

1.   Plea of Guilty.  The defendant agrees to plead guilty to Count 3 of the Indictment, which charges the defendant with a violation of Title 21, United States Code, Section 331(k), Misbranding.  The maximum penalty for the

offense is imprisonment for a period of 3 years, a fine of $ 250,000, a

maximum term of supervised release of up to 1year, to be determined by the

court, which shall be served at the conclusion of and in addition to any term

of imprisonment, as well as the costs of prosecution, imprisonment,

probation, or supervised release order, denial of certain federal benefits and

an assessment in the amount of $100.00.  At the time the guilty plea is

entered, the defendant shall admit to the Court that the defendant is in fact

guilty of the offense charged in that count.  The defendant further agrees

that any legal and factual issues relating to the application of the Federal

Sentencing Guidelines to the defendant's conduct, including facts that

support any specific offense characteristic or other enhancement or

adjustment and the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court after briefing, or a pre-

sentence hearing, or at a sentencing hearing. After sentencing, the United

States will move for dismissal of any remaining counts. The defendant

agrees, however, that the United States may at its sole election reinstate any

dismissed counts or seek additional charges in the event that the charge to

which the defendant has pleaded guilty pursuant to this agreement are

subsequently vacated, set aside, or invalidated by the district court or a

ruling of an appellate court. The defendant further agrees to waive any

defenses to reinstatement of these charges or additional charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground.

2. <u>Dismissal of Counts</u>. At the time of sentencing on the information described above, the United States agrees to move for dismissal of Counts 1 and 2 of the Indictment filed under Criminal Number 3:10-CR-301. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charges to which the defendant has pleaded guilty pursuant to this plea agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement for the intervening time frame between the execution of this Plea Agreement and the reinstatement of charges, if applicable.

3. <u>Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The

Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.  Maximum Sentence. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 3 years in prison and/or fines totaling $250,000, a 1 year term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.00.

5.  Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq. The United States will recommend that no fine be imposed, *see* paragraph 11(b).

6.  Inmate Financial Responsibility Program. If the Court awards a fine or

restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.  <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $ 100.00  pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial

Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8.  <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant agrees fully to disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status and will promptly submit a completed financial statement to the United State's Attorney's Office as directed.  Defendant agrees that the financial statement shall be complete, accurate, and truthful. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status.

Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court. Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

9.    No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

10.   Acceptance of Responsibility–Two Levels.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to plead guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  If the defendant can adequately demonstrate this

recognition and affirmative acceptance of responsibility to the Government, the United States Attorney's Office will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility.

11.   Rule 11(c)(1)(C) Binding Agreement.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence:

a.  The applicable base offense level pursuant to U.S.S.G. §2B1.1(a)(2) is a 6;

b.  The parties stipulate that the loss is greater than $10,000 and less than $30,000 and the base offense level shall be increased by 4 pursuant to U.S.S.G.§ 2B1.1(b)(1)(C);

c.  The defendant is entitled to a 2 level reduction of the offense level for acceptance of responsibility, the defendant's prior criminal history category is I and the resulting offense level is an 8, and, consequently, the guideline sentencing range is 0-6 months.

d.  The defendant shall received a sentence of probation.

e. In lieu of a fine and  based on the loss stipulated in (b), *supra*, the defendant shall pay the sum of $35,000 to the Pennsylvania

Department of Public Welfare.

The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.  If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the United States has the right to withdraw from this agreement and any guilty plea entered pursuant to this agreement.

12.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.   The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment

schedule.

e.     The defendant be directed to provide the probation office and the
       United States Attorney access to any requested financial information.

f.     The defendant be confined in a community treatment center, halfway
       house or similar facility in the event of future probation violation
       proceedings.

g.     The defendant be placed under house detention in the event of future
       probation violation proceedings.

h.     The defendant be ordered to perform community service.

i.     The defendant be restricted from working in certain types of
       occupation or with certain individuals, if the Government deems such
       restrictions to be appropriate.

j.     The defendant be directed to attend substance abuse counseling
       which may include testing to determine whether the defendant is
       using drugs or alcohol.

k.     The defendant be directed to attend psychiatric or psychological
       counseling and treatment in a program approved by the probation
       officer.

l.     The defendant be denied certain federal benefits including contracts,
       grants, loans, fellowships and licenses.

m.     The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

13.     <u>Criminal Forfeiture</u>.  Defendant states he is desirous of ending all pending civil and criminal matters in the Middle District of Pennsylvania and to avoid needless litigation and the expense concomitant therewith agrees to settle the civil and criminal matters arising out of the conduct alleged in the Indictment and to which the defendant is entering a guilty plea.  Defendant further agrees to the following:

a.     Forfeiture of $35,000 to be paid in yearly installments of $7,000 per year for 5 years, which shall commence within 30 days of the date of the sentencing and shall continue for an additional four years with the yearly installment paid in full on the anniversary of the date of the first payment.

b.     The immediate entry of the preliminary order of forfeiture;

c.     Waives his right to the personal service of all process and further names Attorneys Lawrence Moran, Patrick M. Casey, and Michael J. Asbell as his agents for service of all process;

d.     Further waives his right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.      Agrees no other person or entity has an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this agreement

f.      Defendant further agrees to sign any and all documents necessary to effectuate the forfeiture and costs associated therewith;

g.      The defendant agrees to waive any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provides the basis for these charges.  The defendant further agrees to waive any double jeopardy challenges the defendant may have to these charges based upon any pending or completed administrative or civil forfeiture actions.

h.      Defendant further agrees to sign any and all documents necessary to effectuate the forfeiture of the $35,000.00.

i.      The defendant agrees to waive any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions arising out of these charges. The defendant further agrees to waive any double jeopardy challenges the defendant may have to these charges based upon any pending or completed administrative or civil forfeiture actions.

14. <u>No Further Forfeiture</u>. As the result of the forfeitures set forth in paragraph 13 above, the United States agrees not to seek forfeiture of any other asset known to the United States which belongs to the defendant's family or to himself.  This Agreement does not bind the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

15. <u>Mandatory Restitution Act</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program to collect the full amount of restitution owed to the

victim(s) in a timely fashion. While the defendant reserves the right to

contest the amount of restitution owed, the defendant agrees to take all steps

to facilitate collection of this restitution. Towards this goal, the defendant

agrees  to waive any further notice of forfeiture and agrees that the United

States at its sole election may elect to pursue civil and/or criminal forfeiture

in the amount of the victim restitution owed in this case, and the Court may

enter, both a restitution order and a forfeiture judgment in the amount of any

unpaid restitution found due and owing by the Court at the time of

sentencing in this matter. The defendant consents to the filing of any civil

complaint or superseding information which may be necessary to perfect a

forfeiture order and  further stipulates and agrees that the defendant's guilty

plea constitutes an admission to all matters legal and factual necessary for

entry of a forfeiture order in this case . The parties agree that any restitution

payments obtained by the United States or the victim will be applied by the

United States to reduce both the restitution obligation in this case and the

amount of the outstanding forfeiture order entered by the Court. The parties

further agree that the Government will recommend that any assets recovered

through forfeiture proceedings will be remitted to crime victims to reduce

the defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not preclude the

Government from using other assets or income of the defendant to satisfy the restitution obligations.

16.   <u>Full Restitution</u>.  The defendant agrees to make full restitution in the amount of $35,000.00, in accordance with the schedule set forth in the Stipulation and Consent to Forfeiture which shall be filed on the record separately from this agreement.   The defendant also agrees that full restitution shall be a condition of any probation or term of supervised release that the defendant receives.

17.   <u>Amount of Loss/Restitution</u>.  The defendant agrees that $35,000 is the amount of the loss resulting from the defendant's actions.  The defendant agrees to make full restitution in the amount of $35,000 in accordance with the schedule set forth in the Stipulation and Consent to Forfeiture which shall be filed on the record separately from this agreement.

18.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

19.   <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of

Pennsylvania "Policy for Guideline Sentencing" both the United States and

defendant must communicate to the probation officer within fourteen (14)

days after disclosure of the pre-sentence report any objections they may

have as to material information, sentencing classifications, sentencing

guideline ranges and policy statements contained on or omitted from the

report.  The defendant agrees to meet with the United States at least five (5)

days prior to sentencing in a good faith attempt to resolve any substantive

differences.  If any issues remain unresolved, they shall be communicated to

the probation officer for his inclusion on an addendum to the pre-sentence

report.  The defendant agrees that unresolved substantive objections will be

decided by the court after briefing, or a pre-sentence hearing, or at the

sentencing hearing where the standard of proof will be a preponderance of

the evidence, and the Federal Rules of Evidence, other than with respect to

privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may

consider any reliable evidence, including hearsay.  Objections by the

defendant to the pre-sentence report or the Court's rulings, will not be

grounds for withdrawal of a plea of guilty.

20.    Victims' Rights.  The defendant understands that pursuant to the Victim and

Witness Protection Act, the Justice for All Act, and the regulations

promulgated under those Acts by the Attorney General of the United States,

crime victims have the following rights:

a.     The right to be reasonably protected from the accused.

b.     The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

c.     The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

d.     The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

e.     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

f.     The right to full and timely restitution as provided for by law.  The

attorney for the Government is required to "fully advocate the rights

of victims on the issue of restitution unless such advocacy would

unduly prolong or complicate the sentencing proceeding," and the

Court is authorized to order restitution by the defendant including,

but not limited to, restitution for property loss, economic loss,

personal injury, or death.

g.     The right to proceedings free from unreasonable delay.

h.     The right to be treated with fairness and with respect for the victim's

dignity and privacy.

21.   Relevant Sentencing Information.  At the sentencing, the United States will

be permitted to bring to the Court's attention, and the Court will be

permitted to consider, all relevant information with respect to the

defendant's background, character and conduct including the conduct that is

the subject of the charges which the United States has agreed to dismiss, and

the nature and extent of the defendant's cooperation, if any.  The United

States will be entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any obligation

under this agreement.

22.   Maximum Sentence.  The defendant understands that the Court is not a

party to and is not bound by this agreement nor any recommendations made

by the parties.  Thus, the Court is free to impose upon the defendant any

sentence up to and including the maximum sentence of imprisonment for 3

years, a fine of $250,000, a maximum term of supervised release of up to 1

year, which shall be served at the conclusion of and in addition to any term

of imprisonment, the costs of prosecution, denial of certain federal benefits

and assessments totaling $100.  If at sentencing the court fails to accept the

stipulations of the parties, or imposes a sentence different from that agreed

to by the parties, then either the defendant or the United States has the right

to withdraw from this agreement and any guilty plea entered pursuant to this

agreement.

23.     Breach of Agreement.  In the event the United States believes the defendant

has failed to fulfill any obligations under this agreement, then the United

States shall, in its discretion, have the option of petitioning the Court to be

relieved of its obligations.  Whether or not the defendant has completely

fulfilled all of the obligations under this agreement shall be determined by

the Court in an appropriate proceeding at which any disclosures and

documents provided by the defendant shall be admissible and at which the

United States shall be required to establish any breach by a preponderance

of the evidence.  In order to establish any breach by the defendant, the

United States is entitled to rely on statements and evidence given by the

defendant.

24.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the
event the Court concludes that the defendant has breached the agreement:

    a.    The defendant will not be permitted to withdraw any guilty plea
tendered under this agreement and agrees not to petition for
withdrawal of any guilty plea;

    b.    The United States will be free to make any recommendations to the
Court regarding sentencing in this case;

    c.    Any evidence or statements made by the defendant will be admissible
at any trials or sentencings;

    d.    The United States will be free to bring any other charges it has
against the defendant, including any charges originally brought
against the defendant or which may have been under investigation at
the time of the plea. The defendant waives and hereby agrees not to
raise any defense to the reinstatement of these charges based upon
collateral estoppel, Double Jeopardy or other similar grounds.

25.   <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this
agreement shall protect the defendant in any way from prosecution for any
offense committed after the date of this agreement, including perjury, false
declaration, or false statement, in violation of Title 18, United States Code,

Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

26. <u>No Civil Claims or Suits</u>.   The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

27. <u>Status of Professional License</u>.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any

such licensing authority any documents and information in its possession.

28.    Transfer of Case to IRS.  The defendant agrees to interpose no objection to

the United States transferring evidence or providing information concerning

the defendant and/or this offense, to other state and federal agencies or other

organizations, including, but not limited to the Internal Revenue Service,

law enforcement agencies and licensing and regulatory agencies.

29.    Collection Action by IRS.  Nothing in this agreement shall limit the Internal

Revenue Service in its collection of any taxes, interest or penalties due from

the defendant arising out of or related in any way to the offenses identified

in this agreement.

30.    No Contest to Federal and State Health Care Program Exclusion.  Defendant

agrees not to contest any regulatory action taken to exclude him from

participation in any Federal health care program, as defined in 42 U.S.C. §

1320a-7b(f).

31.    Deportation.  The defendant understands that, if he is not a United States

citizen, deportation is a possible consequence of his plea.

32.    Rule 6(e) Order for Transfer of Information to IRS.  The defendant agrees to

interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e)

authorizing transfer to the Examination Division of the Internal Revenue

Service of the defendant's documents, or documents of third persons, in

possession of the Grand Jury, the United States Attorney or the Criminal

Investigation Division of the Internal Revenue Service.

33.   Cooperation with IRS.  The defendant agrees to fully comply and cooperate

with the Internal Revenue Service by filing all delinquent or amended tax

returns by the date of the defendant's sentencing, and to timely file all future

returns which may come due during the term of incarceration, probation or

supervised release. The defendant also agrees to cooperate with the Internal

Revenue Service by furnishing the Internal Revenue Service with all

information pertaining to the defendant's assets and liabilities, as well as all

documentation in support of tax returns filed by the defendant during the

term of any sentence imposed pursuant to this guilty plea. The defendant

further agrees to pay all taxes, interests and penalties due and owing to the

United States and otherwise fully comply with the tax laws of the United

States. The defendant understands, and agrees, that this requirement of full

compliance with federal tax laws may be made a condition of any probation

or supervised release imposed in this case.

34.   Direct Appeal Waiver.  The defendant is aware that Title 18, United States

Code, Section 1291  affords a defendant the right to appeal a  judgment of

conviction and sentence; and that Title 18 United States Code, section

3742(a) affords a defendant the right to appeal the sentence imposed.

Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States v. Booker, 125 S. Ct. 738 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

35.   Non-Limitation on Government's Response.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

36.   Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant

acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

37.  Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

38.  Merger of All Prior Negotiations.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle

District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

39.   Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., January 30, 2012, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

40.   Required Signatures. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

01-26-2012
Date

Benny Salerno
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

1-26-12
Date

Lawrence J. Moran
Counsel for Defendant

26 January 2012
Date

Patrick A. Casey, Esquire
Counsel for Defendant

26 Janry 2012
Date

Michael J. Asbell
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY
by

2/2/12
Date

Amy C. Phillips
Assistant United States Attorney

2/2/2012
Date

Michael A. Consiglio
Assistant United States Attorney

Revised  1/25/2011
PJS/acp January 19, 2012